# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

SVERRE ERIKSEN and JARROD )
MIRABEL, individually and on )
behalf of all others similarly situated )  **Case NO. 3:24-cv-00197**
               )  **Judge Richardson**
               )  **Magistrate Judge Holmes**
v.              )
               )
CORECIVIC OF TENNESSEE, LLC )

## O R D E R

Plaintiffs bring this case as a class and collective action under the Fair Labor Standards Act and seeks initial relief of court-authorized procedures for notice to potentially similarly situated employees/plaintiffs pursuant to 29 U.S.C. § 216(b). (Docket No. 1 at 4.) The procedures detailed below shall govern any motion for the preliminary notice procedures and for final determination of "similarly situated" employees. *See e.g. Clark v A&L Homecare and Training Center, LLC*, 68 F.4th 1003 (6th Cir. 2023).[1]

1. Prior to the filing of a motion for court-approved preliminary notice procedures, lead counsel for the parties **must meet in person**[2] to discuss: (i) the proposed court-approved notice; (ii) whether there is some notice that can be approved by agreement of the parties; (iii) whether limited early discovery is necessary in connection with the notice motion; and, (iv) a proposed schedule for discovery and responsive briefing of the notice motion.

---

[1] The preliminary notice procedures contemplated by *Clark* are alternately referred to as court-authorized notice procedures, court-facilitated notice procedures, or court-approved notice procedures. The descriptive language all refers to the preliminary notice procedures described in *Clark*.

[2] To be clear, this is an explicit requirement. It does not mean meeting by videoconference or by any means other than in person.

2.	If the parties reach an agreement for court-authorized notice, they may file a joint motion for court-approved notice procedures to potentially similarly situated plaintiffs prior to the initial case management conference.  In the absence of an agreement, Plaintiffs may proceed with filing a motion for court-authorized notice in accordance with Local Rule 7.01.

3.	Alternatively, Plaintiffs may file or the parties may jointly file a motion for limited early discovery in connection with the court-approved notice motion and a proposed schedule for limited discovery and responsive briefing of the notice motion prior to the initial case management conference.

4.	In the absence of an agreement for court-approved notice procedures, a separate motion for court-approved notice procedures filed by Plaintiffs, or a motion with proposed schedule for discovery and responsive briefing prior to the initial case management conference, the proposed initial case management order must include the parties' proposed procedure for preliminary court-approved notice to potentially similarly situated plaintiffs.

5.	The proposed initial case management order must include the parties' proposal for final determination by the Court of whether employees are similarly situated, as alluded to in *Clark*, including specifically whether the parties propose for that determination to be made concurrent with dispositive motions, as a separate motion, or at trial.

6.	Plaintiffs' counsel shall serve a copy of this Order on Defendant or its counsel or otherwise notify them of the required procedures described above.

It is SO ORDERED.

BARBARA D. HOLMES
United States Magistrate Judge

2