IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SVERRE ERIKSEN and JARED MIRABAL, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC,<br><br>    Defendant. | Case No. 3:24-cv-00197 |

**JOINT MOTION TO EXTEND STAY**

Defendant CoreCivic of Tennessee, LLC ("Defendant") and Plaintiffs Sverre Eriksen and Jared Mirabal ("Plaintiffs"), by undersigned counsel, hereby jointly move the Court for an Order extending the stay of this matter.

1. On May 21, 2024, the Court granted in part the Parties' Joint Motion to Stay Pending Litigation Deadlines. In that Order, the Court: (1) stayed Defendant's deadline to answer or otherwise respond to Plaintiffs' Complaint; (2) directed the Parties to participate in mediation on or before August 16, 2024; and (3) rescheduled the initial case management conference (initially set for June 18, 2024) to September 9, 2024. (ECF No. 32).

2. Thereafter, the Parties worked diligently to prepare for a productive mediation, including engaging in multiple substantive conversations about the case, its scope, and what documents and information the Parties need to facilitate meaningful resolution discussions. Because of the scope of documents and information relevant to the Parties' resolution discussions,

the Parties needed additional time for the production and analysis of the same.

3. To that end, on July 24, 2024, the Parties moved the Court to extend their stay and deadline to mediate, which was granted on July 25, 2024. (ECF Nos. 39-40).

4. After that, Defendant worked diligently to gather and produce the voluminous time, pay, and security records corresponding to over one thousand individuals across multiple facilities. Technical difficulties arose in gathering the necessary data in a format convenient for Plaintiffs and usable for purposes of mediation, which Defendant worked diligently to resolve. Defendant also worked diligently to finalize security swipe data for one of its Arizona facilities for export to the undersigned.

5. In addition, and critically, Plaintiffs' counsel also raised the prospect of additional litigation involving a wage and hour claim arising in one of Defendant's Florida facilities ("Florida claim").

6. To best conserve the Parties' and the Court's resources and time, the Parties agreed to mediate the Florida claim while mediating the instant matter with experienced mediator Dennis Clifford. However, to appropriately evaluate the Florida claim, Plaintiffs' counsel requested that Defendant produce additional data, which required additional time for Defendant to gather and produce in a format convenient and usable for purposes of mediation.

7. For that reason, on October 21, 2024, the Parties moved the Court to extend their stay and deadline to mediate, which was granted on October 23, 2024. (ECF Nos. 44-45).

8. Since then, Defendant has gathered and produced to Plaintiffs' counsel the requested data related to the claims in this litigation, as well as necessary data for mediation of the Florida claim.

9. In a recent, critical development, however, Plaintiffs' counsel raised the prospect

2

Case 3:24-cv-00197   Document 47   Filed 01/13/25   Page 2 of 5 PageID #: 337

of filing an additional, related lawsuit predicated on the allegation that Defendant violated Kentucky wage and hour law by failing to pay for security screening and car searches ("Kentucky claim").

10. Rather than taxing the Court's and Parties' time and resources by having the Kentucky claim immediately filed as a separate, related lawsuit, the Parties have agreed to mediate and explore potential resolution of the Kentucky claim along with the Florida claim and the claims in this litigation together.

11. In order to allow the Parties time necessary to prepare to mediate the Kentucky claim along with the Florida claim and this litigation (including time for Defendant to gather and produce necessary data, along with time for the Parties to evaluate the Kentucky claim in advance of mediation), and to preserve judicial economy by attempting to resolve all of these claims together without the need for additional and further litigation, the Parties respectfully request an additional extension to their stay and mediation deadline of 60 days.

12. If granted, the Parties will reschedule their mediation with Dennis Clifford to a date on or before April 14, 2025.

13. The Parties acknowledge the Court's prior reiterations that the Court expects the Parties in this case to use this stay as productively as possible. (*See* ECF No. 40, 45). The Parties and undersigned confirm that they have been using this time productively and with a joint intention that the informal discovery that is being conducted will facilitate a meaningful discussion about a potential early resolution of this case — as well as the Florida claim and the Kentucky claim. To be sure, the Parties have committed to begin engaging in settlement discussions once they have reviewed the requisite data and before any scheduled mediation. Notwithstanding, in the event mediation is not successful, the production of information and data gathered or to be gathered

related to these claims will promote the just, speedy, and inexpensive determination of this action.

Dated: January 13, 2025

Respectfully submitted,

*/s/ Camille Fundora Rodriguez*
Camille Fundora Rodriguez\*
Michael J. Anderson\*
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: 215.875.4635
crodriguez@bm.net
manderson@bm.net

*/s/ Kaitlyn A. Hansen (w/ permission)*
Kaitlyn A. Hansen (TN Bar No. 37021)
LITTLER MENDELSON, P.C.
One Commerce Square
40 S. Main Street, Suite 2500
Memphis, TN 38103
Tel: 901.322.1204
khansen@littler.com

Alexandra K. Piazza\*
BERGER MONTAGUE PC
1001 G Street NW
Fourth Floor, Suite 400 East
Washington, DC 20001
Tel: 215.875.3000
apiazza@bm.net

*Counsel for CoreCivic of Tennessee, LLC*

Mariyam Hussain\*
BERGER MONTAGUE PC
1720 W. Division
Chicago, IL 60622
Tel: 773.666.4316
mhussain@bm.net

Micah S. Adkins (TN Bar No. 036451)
THE ADKINS LAW FIRM, P.C.
8150 N. Central Expressway, Suite 1000
Dallas, TX 75206
Tel: 214.974.4030
MicahAdkins@ItsYourCreditReport.com

\*Pro hac vice

*Counsel for Plaintiffs and the
Proposed Class and Collective Members*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was caused to be served upon counsel for Defendant via the Court's ECF system on January 13, 2025.

*/s/ Camille Fundora Rodriguez*
Camille Fundora Rodriguez